Willard JONES and Carol
Jones, Plaintiffs,

v.

WEISS, NEUREN & NEUREN,
Defendant.

No. 99–CV–1544[NAM][DRH].

United States District Court,
N.D. New York.

May 3, 2000.

---

Andrew F. Capoccia Law Center, LLC, Albany, NY, for plaintiffs, Andrew F. Capoccia, of counsel.

Weiss, Neuren & Neuren, New City, NY, defendant pro se, Matthew J. Neuren, of counsel.

## MEMORANDUM—DECISION AND ORDER

MORDUE, District Judge.

### Introduction

Plaintiffs commenced the present suit on September 27, 1999, seeking damages as a result of defendant's alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Specifically, plaintiffs allege six causes of action pursuant to §§ 1692c(a)(2), 1692d, 1692c(c), 1692e(5), 1692e(11) and 1692f(1) of the FDCPA as well as a cause of action seeking exemplary damages arising from what plaintiffs allege to be willful and wanton conduct of defendant.

### Facts

By letter dated February 19, 1998, plaintiffs notified defendant's client, People's Bank, that the Law Office of Andrew F. Capoccia, LLC, had been retained to represent them with respect to an account plaintiffs maintained with People's Bank.[1] The letter instructed the bank to close the referenced account, direct all communications to the Capoccia Firm and refrain from directly contacting plaintiffs regarding same.

As attorneys for People's Bank, defendant sent an August 24, 1999, letter stating that plaintiffs had an outstanding balance of $5,865.18 and that the account had been forwarded to defendant for immediate attention in an attempt to collect the debt. The letter referenced potential court action and additional costs that would be charged to plaintiffs if such action was required.[2] No account number is mentioned in the letter.

Presently before the Court is plaintiffs' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and defendant's cross-motion to dismiss pursuant to Rule 12(b)(6).[3] Defendant also requests costs, fees and Rule 11 sanctions.

---

1. Account number 5416–5100–0321–1914 is referenced in this letter.

2. The text of the August 24, 1999, letter states:
 The above-captioned matter has been referred to this office for immediate attention by People's Bank in an attempt to collect a debt.
 Any information obtained will be used for that purpose. Unless you notify this office within thirty (30) days after receipt of this notice, that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from the receipt of this notice, that any portion is disputed, this office will obtain verification of the debt and mail you a copy of such verification. Upon request, in writing, within thirty

(30) days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This amount is long past due and we are instructed to proceed forthwith against you with necessary court action to recover the said amount due with interest, court costs and disbursements.

If you wish to save additional charges, then please let us have your remittance, drawn to our order as attorneys, for the bank, promptly by return of mail.

3. Rule 12(b)(6) of the federal Rules of Civil Procedure provides, in pertinent part, that "[i]f, on a motion asserting the defense num-

### Summary Judgment

Summary Judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Irrelevant or unnecessary facts do not preclude summary judgment, even when they are in dispute. *See id.* The moving party bears the initial burden of establishing that there is no genuine issue of material fact to be decided. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). With respect to any issue on which the moving party does not bear the burden of proof, it may meet its burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case. *See id.* at 325, 106 S.Ct. 2548. Once the movant meets this initial burden, the nonmoving party must demonstrate that there is a genuine unresolved issue for trial. *See* Fed.R.Civ.P. 56(e).

Although the trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought, *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989), the motion will not be defeated by a nonmovant who raises merely "metaphysical doubt" concerning the facts or who only offers conjecture or surmise. *See Delaware & H.R. Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir.1990) (quoting *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Indeed, the nonmoving party's opposition may not rest on mere denials of the moving party's pleading, but "must set forth specific facts showing there is a genuine issue for trial." *See* Fed.R.Civ.P. 56(e). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a) which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. "It is a gratuitous cruelty to parties and their witnesses to put them through the ordeal of a trial when the outcome is foreordained." *See Mason v. Continental Illinois Nat'l Bank*, 704 F.2d 361, 367 (7th Cir.1983). It is with these considerations in mind that the Court addresses the parties' motions.

### 1692c(a)(2)

In order to prevail under 1692c(a)(2), plaintiffs must prove that defendant contacted him/her when it had "actual knowledge that he/she was represented by an attorney." *Countryman v. Solomon & Solomon*, 2000 WL 156837 (N.D.N.Y. Feb.8, 2000) (Munson, S.J.); *Filsinger v. Upton, Cohen & Slamowitz*, 2000 WL 198223 (N.D.N.Y. Feb.18, 2000) (Munson, S.J.); *see also* 15 U.S.C. § 1692c(a)(2) ("if the debt collector knows"). "The creditor's knowledge that the consumer has an attorney is not automatically imputed to the debt collector." *Hubbard v. National Bond and Collection Associates, Inc.*, 126 B.R. 422 (D.Del. 1991), *aff'd.*, 947 F.2d 935 (3rd Cir.1991). Thus, an agent cannot be imputed with in-

---

bered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The plaintiffs moved herein for summary judgment and filed with the Court affidavits and

other evidentiary material in support of their motion. Defendant responded in kind to plaintiffs' papers, filed a cross-motion to dismiss pursuant to Rule 12(b)(6) and filed affidavits and other evidentiary materials. Satisfied that all parties were and are on notice that matters outside the pleadings are being considered herein, the Court thus treats and disposes of the present motions in accordance with Rule 56 of the federal Rules of Civil Procedure.

formation that his principal failed to give him.

■ Plaintiffs have presented insufficient evidence to suggest that defendant possessed actual knowledge that plaintiffs were represented by counsel at the time of the communication. Plaintiffs' only proof is that their lawyers sent People's Bank a letter before defendant attempted to contact them. The record is devoid, however, of any evidence indicating that defendant was aware plaintiffs were represented and defendant specifically denies any such knowledge. Thus, since plaintiffs have failed to establish a prima facie case pursuant to 1692c(a)(2), the Court must deny their motion. Similarly, because plaintiffs have failed to establish a prima facie case, the Court grants defendant's cross-motion and dismisses plaintiffs' 1692c(a)(2) cause of action.

## 1692d

Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." [4] Plaintiffs allege that defendant harassed, oppressed or abused them because: (i) defendant stated that immediate court action would follow unless immediate payment was made; and (ii) defendant stated that additional collection costs would be charged to plaintiffs if court action was required. [5]

■ Plaintiffs fail to establish that the foregoing is harassing, oppressive or abusive. Plaintiffs' motion papers fail to establish that defendant's conduct, as a mat-

ter of law, violates 1692d. Independent research of the Court also fails to establish that the language cited above and relied upon in plaintiffs' complaint even approaches what courts have held to be harassing, oppressive or abusive conduct. Based on the foregoing, the Court denies plaintiffs' motion for summary judgment. Furthermore, because defendant's conduct, as a matter of law, does not violate 1692d, the Court grants defendant's cross-motion and dismisses this cause of action.

## 1692c(c)

■ Section 1692c(c) states that a debt collector may not communicate with a debtor who notifies the debt collector in writing to cease further communication. The statute provides exceptions permitting a debt collector to communicate with the debtor concerning specified matters regardless of written notice to the contrary. For example, communication may be made "to notify the [debtor] that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor" or "where applicable, to notify the [debtor] that the debt collector or creditor intends to invoke a specified remedy." § 1692c(c)(2), (3). Plaintiffs argue that defendant's letter violates 1692c(c) as an impermissible communication subsequent to written notice to cease communication.

■ Defendant alleges that it had no knowledge of any communications by plaintiffs which required the cessation of communications. As stated above, an agent cannot be imputed with information that his principal has failed to give him.

**4.** The statute goes on to provide a non-exhaustive list of examples of conduct deemed to qualify as harassing, oppressive or abusive. Plaintiffs do not rely on these statutory examples in their 1692d claim against defendant.

**5.** Inherent in plaintiffs' complaint is the assertion that defendant's statement regarding additional costs is untrue and abusive. The parties have not provided the Court with a copy of the credit agreement despite defen-

dant's apparent intent to do so. See Affirm. of Neuren at ¶ 13. This oversight by counsel renders impossible the task of determining whether defendants are entitled to costs by virtue of the instrument alone. Despite same, the Court directs the parties' attention to Fed. R.Civ.P. 54(d)(1) and 28 U.S.C. § 1920. These provisions support defendant's statement that plaintiffs may be liable for additional costs should court action be pursued.

*Countryman,* 2000 WL 156837, *2; *Filsinger,* 2000 WL 198223, *2. Plaintiffs have come forward with no proof that defendant had any actual knowledge of any communications by plaintiffs which required the cessation of communication and defendant specifically denies any such knowledge. This failure is fatal not only to plaintiffs' summary judgment motion, but to their claim under 1692c(c). Consequently, plaintiffs' motion for summary judgment on this cause of action is denied and defendant's cross-motion is granted.

### 1692e(5)

Section 1692e(5) states that a violation of the FDCPA will be found where there is a "threat to take any action that cannot legally be taken or that is not intended to be taken." Plaintiffs allege that defendant violated this section since the letter sent to plaintiffs stated that court action may be pursued and costs of same would be assessed to plaintiffs.

 Plaintiffs offer no evidence to support their argument that legal action was not an option for defendant or that costs associated with same could not be added to plaintiffs' debt.[6] The evidence points to a contrary conclusion in light of the fact that defendant alleges to have initiated suit against plaintiffs in Syracuse City Court on behalf of People's Bank. *See* Neuren Aff. at ¶ 4. Because plaintiffs' allegations pursuant to 1692e(5) are unsupported and contrary to all available evidence, plaintiffs' motion is denied and defendant's cross-motion is granted. As such, plaintiffs' claim pursuant to this section is dismissed.

### 1692e(11)

Plaintiffs allege that defendant violated § 1692e(11) when defendant failed to disclose that its communications were from a debt collector for the purposes of collecting a debt.

 The August 24, 1999, letter written by defendant and submitted by plaintiffs appears to be the "initial" communication regarding this debt and plaintiffs do not argue to the contrary. It contains all the information required by statute. As such, the Court must deny plaintiffs' motion with respect to this debt as well. Furthermore, since the August 24, 1999, letter appears to be the "initial" communication and contains all information required by the statute, the Court grants defendant's cross-motion with respect to plaintiffs' 1692e(11) claim.

### 1692f(1)

 Section 1692f(1) prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Plaintiffs allege that defendant violated this section as a result of its assertion that plaintiffs would be liable for additional costs if defendant were forced to pursue court action. As discussed above, it is plaintiffs' burden to bring forth evidence adequate to support plaintiffs' case. Failure to do so warrants granting summary judgment in favor of defendant absent a showing of a material fact in dispute by plaintiffs. Since plaintiffs fail to provide anything aside from mere allegations to support the assertion that defendant sought unauthorized monies,[7] the Court denies plaintiffs' motion and grants defendant's cross-motion.

### Willful and Wanton Conduct/Exemplary damages

There is no evidence to suggest that there was willful or wanton conduct, at least on the part of the defendant. Since there is no way that a trier of fact could conclude that the defendant acted with such conduct, plaintiffs' motion is denied and defendant's cross-motion is granted.

---

**6.** Regarding the issue of costs, *see* footnote 5 *supra.*

**7.** Regarding the issue of costs, *see* footnote 5 *supra.*

*Defendant's motion for attorney's fees and sanctions*

Defendant argues that it should be granted fees, costs and sanctions because plaintiffs' lawsuit was instituted only to harass it. Because there is inadequate evidence to support this allegation, the Court denies defendant's motion for same.

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that plaintiffs' motion for summary judgment is DENIED; and it is further

**ORDERED** that defendant's cross-motion for summary judgment is GRANTED; and it is further

**ORDERED** that plaintiffs' complaint is DISMISSED in its entirety; and it is further

**ORDERED** that defendant's motion for sanctions is DENIED.

**IT IS SO ORDERED.**